IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| ANDRII VASYLCHENKO,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>    Defendants. | Civil Action No. 3:21-cv-02815-S |

## **DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

### I.   Introduction

Plaintiff Andrii Vasylchenko alleges that a purported unreasonable delay in the adjudication of Plaintiff's immigration application violates both the Administrative Procedure Act (APA) and Plaintiff's due process rights under the Fifth Amendment. He seeks a writ of mandamus to compel U.S. Citizenship and Immigration Services (USCIS) to adjudicate his application. However, there is no deadline for USCIS to adjudicate, and Plaintiff's application has been pending for less than the relevant upper end of USCIS's estimated processing times. Because Plaintiff has not sufficiently alleged an unreasonable delay, the Court lacks subject-matter jurisdiction over an APA claim. In addition, because Plaintiff has not identified any constitutionally protected liberty or property interest, let alone any such interest of which he was deprived, Plaintiff has failed to state a viable due process claim. In sum, Plaintiff's lawsuit must be dismissed.

## II.     Facts

On June 18, 2020, Plaintiff filed a Form I-485, "Application to Register Permanent Residence or Adjust Status."  *See* Appendix (App.) at 1 ¶¶ 3, 4; Doc. 1 at ¶ 3. USCIS's Texas Service Center, which is located in the Northern District of Texas, is currently processing Plaintiff's application.  *See* App. at 1 ¶ 5.  On November 12, 2021, Plaintiff filed a complaint in this Court.  *See* Doc. 1.  The complaint contains two claims for relief.  First, Plaintiff alleges that the APA requires USCIS to decide Plaintiff's application "within a reasonable time," 5 U.S.C. § 555(b), and that "the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application."  Doc. 1 at ¶¶ 16, 18; *see also* 5 U.S.C. § 706(1) ("The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.").  Second, Plaintiff claims that "[t]he combined delay and failure to act by Defendants has violated the due process rights of Plaintiff" under the Fifth Amendment.  *See* Doc. 1 at ¶¶ 23, 24.  Plaintiff requests that the Court (1) compel USCIS to adjudicate the Form I-485 and (2) grant him attorney's fees and costs.  *See id*. at 5–6.

## III.    Argument and Authorities

A.    **Standards of Review**

   1.    **12(b)(1) Standard**

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Once a defendant raises lack of subject-matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the

burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Where, as here, a defendant supports its argument for lack of jurisdiction with evidence, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

    2.    **12(b)(6) Standard**

For a complainant to state a claim for relief, the complainant must plead a short, plain statement of the claim showing entitlement to such relief. *See* Fed. R. Civ. P. 8. A complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) if the plaintiff has not pled enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Matters outside the pleadings generally may not be considered as part of a Rule 12(b)(6) motion. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

**B.    The Court lacks jurisdiction under the Administrative Procedure Act.**

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA defines "agency action" to include "failure to act." 5 U.S.C. § 551(13). Where agency action is

"unlawfully withheld or unreasonably delayed," the court "shall compel agency action." 5 U.S.C. § 706(1). However, to the extent that "agency action is committed to agency discretion by law," the APA does not apply. 5 U.S.C. § 701(a)(2). Accordingly, plaintiffs bringing an unreasonable-delay claim under the APA "must show (1) that an agency has a nondiscretionary duty to perform some action under law, and (2) that the agency has failed to perform said action." *Chuttani v. U.S. Citizenship & Immigration Servs.*, No. 3:19-cv-02955-X, 2020 WL 7225995, at *2 (N.D. Tex. Dec. 8, 2020), *appeal docketed*, No. 21-10318 (5th Cir. Mar. 31, 2021); *see also Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (stating that an unreasonable-delay claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*") (emphases in original).

Here, USCIS has a nondiscretionary duty to adjudicate Plaintiff's application, within a reasonable time. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *Mehalingam v. U.S. Citizenship & Immigration Servs.*, No. 3:20-cv-03651-M, Doc. 13 at 4 (N.D. Tex. Jan. 21, 2021) (holding that "USCIS has a nondiscretionary duty to adjudicate Plaintiff's [I-539 and I-765] applications"). However, Plaintiff has not shown that "USCIS's delay in performing its nondiscretionary duty to adjudicate Plaintiff's applications is unreasonable." *Mehalingam*, No. 3:20-cv-03651-M, at 5. There is no statutory or regulatory deadline for the adjudication of the form of application that he submitted. While "[i]t is the sense of Congress that the processing of an immigration benefit

**Defendants' Motion to Dismiss and Brief in Support – Page 4**

application should be completed not later than 180 days after the initial filing of the application," 8 U.S.C. § 1571(b), this Court has been "disinclined . . . to find Congress's 'sense' of 180 days to be an actionable deadline that waives sovereign immunity." *Chuttani*, 2020 WL 7225995, at *3; *see also Kolluri v. U.S. Citizenship & Immigration Serv.*, No. 3:20-cv-02897-N, 2021 WL 183316, at *5 (N.D. Tex. Jan. 17, 2021) ("Section 1571 does not establish a 'mandatory timeline' regarding the adjudication of H-4 status and EAD [Employment Authorization Document] renewal petitions.").

USCIS discloses the average processing time for applications of the type that Plaintiff filed.  Even if USCIS were bound to process applications within those average times, which it is not, Plaintiff's claim would still fail.  The current processing time for asylum-based Form I-485 applications pending at the Texas Service Center, such as Plaintiff's application, is approximately 14.5 to 42.5 months.  *See* App. at 1–2 ¶¶ 7–8.[1]  Plaintiff filed his application on June 18, 2020.  Since the filing date, approximately 19 months have passed.  "The Court is reluctant to hold unreasonable any delay in adjudicating an immigration benefit application that's less than the upper limit of Citizenship and Immigration Services' current estimated processing time for that particular application form."  *Chuttani*, 2020 WL 7225995, at *4 (dismissing an unreasonable-delay claim that involved a different kind of application); *see also Mehalingam*, No. 3:20-cv-03651-M, at 5–6 (dismissing an unreasonable-delay claim

---

[1] The estimated time ranges are also posted on USCIS's website at https://egov.uscis.gov/processing-times/.

where Plaintiff's Form I-539 and Form I-765 applications had been pending for approximately 6.5 months and average processing time for Forms I-539 was 7.5 to 10 months). Plaintiff's Form I-485 application has been pending for less than the 42.5-month upper limit of USCIS's estimated processing time, and the application has been pending for just a few months longer than the 14.5-month lower limit. Thus, even if USCIS had a nondiscretionary duty to adjudicate Plaintiff's application within the agency's average processing times, which it does not, Plaintiff's claim would still easily fail. "And because the plaintiffs have not shown an unreasonable delay in processing their . . . applications, the Court lacks subject-matter jurisdiction." *Chuttani*, 2020 WL 7225995, at *2; *see also Mehalingam*, No. 3:20-cv-03651-M, at 6 (finding that the Court lacked jurisdiction "[b]ecause Plaintiffs have not alleged sufficiently that Defendants have failed to act by not adjudicating his applications within a reasonable time").[2]

---

[2] Various judges in this district have recently ruled, in 24 cases also claiming unreasonable delay in the adjudication of Forms I-485, that district courts lack jurisdiction to consider such claims. *See Khokha v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02577-L, Doc. 17 (N.D. Tex. Dec. 2, 2021); *Dommaraju v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02585-S, Doc. 13 (N.D. Tex. Oct. 28, 2021); *Grover v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02408-B-BN, Doc. 55 (N.D. Tex. Oct. 28, 2021); *Gupta v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02584-S, Doc. 13 (N.D. Tex. Oct. 28, 2021); *Jampana v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02583-S, Doc. 13 (N.D. Tex. Oct. 28, 2021); *Kivlekar v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02576-B-BN, Doc. 17 (N.D. Tex. Oct. 28, 2021); *Konda v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02578-M, Doc. 15 (N.D. Tex. Oct. 28, 2021); *Manamcheri Sukumar v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02570-M, Doc. 14 (N.D. Tex. Oct. 28, 2021); *Nemade v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02574-S, Doc. 14 (N.D. Tex. Oct. 28, 2021); *Saini v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02588-S, Doc. 14 (N.D. Tex. Oct. 28, 2021); *Vasudevula v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02392-M, Doc. 48 (N.D. Tex. Oct. 28, 2021); *Ganta v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02379-N, Doc. 49 (N.D. Tex. Oct. 26, 2021); *Garlapati v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02373-E-BN, Doc. 49 (N.D. Tex. Oct. 25, 2021); *Sheth v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02382-E-BK, Doc. 50 (N.D. Tex. Oct. 25, 2021); *Galla v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02378-X, Doc. 49 (N.D. Tex. Oct. 23, 2021); *Sinkar v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02592-E, Doc. 6 (N.D. Tex. Oct. 22, 2021); *Vempati v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02589-E, Doc. 7 (N.D. Tex. Oct. 22, 2021); *Madhavan v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02586-E, Doc. 7 (N.D. Tex.

No further analysis is necessary. However, Defendants note that, as a policy matter, "a judicial order putting Plaintiff[] at the head of the queue simply moves all others back one space and produces no net gain." *Kolluri*, 2021 WL 183316, at *6 (citing *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). "Any time saved by Plaintiff[] is necessarily lost by other applicants." *Id*. Indeed, USCIS generally processes Form I-485 (and other) applications as they are received, otherwise known as "first-in, first-out" processing. *See* App. at 2 ¶ 9; *see also Kolluri*, 2021 WL 183316, at *5 (citing *Telecomms. Research & Action Ctr. v. Fed. Commc'ns Comm'n*, 750 F.2d 70 (D.C. Cir. 1984)) ("The Court agrees with the case law in which federal courts have held that USCIS operates under a first-in, first-out method of adjudication that constitutes a 'rule of reason.'"). USCIS's Texas Service Center currently has approximately 37,671 asylum-based Form I-485 applications pending before it, approximately 15,136 of which were filed before Plaintiff filed his application. *See* App. at 1 ¶ 6; *id*. at 2 ¶ 11. Simply because Plaintiff filed a lawsuit while others did not, Plaintiff should not be allowed to "cut the line." Moreover, if the Court were to order Defendants to expedite Plaintiff's application, an inevitable outcome would be

---

Oct. 22, 2021); *Doddapaneni v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02582-E, Doc. 5 (N.D. Tex. Oct. 22, 2021); *Dhanekula v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02581-X, Doc. 5 (N.D. Tex. Oct. 21, 2021); *Dasari v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02580-X, Doc. 5 (N.D. Tex. Oct. 21, 2021); *Uppuluri v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02572-N, Doc. 6 (N.D. Tex. Oct. 21, 2021); *Nemala v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02571-N, Doc. 6 (N.D. Tex. Oct. 21, 2021); *Kulkarni v. U.S. Citizenship & Immigration Servs.*, No. 3:21-cv-02569-N, Doc. 7 (N.D. Tex. Oct. 21, 2021). Specifically, these decisions discuss that the Fifth Circuit has held that district courts lack jurisdiction to consider claims regarding the pace of USCIS's decision-making process under both the APA and the Mandamus Act. *See Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) (rejecting the plaintiff's claim that USCIS was required to adjudicate a Form I-485 petition by a certain date), *vacated on other grounds*, 2010 WL 3633770 (2010).

additional similar lawsuits.  This would not only produce no net gain within the administrative system but would also increase the burden on our judicial system.[3]

### C.   Plaintiff has failed to state a viable due process claim.

Plaintiff's due process claim under the Fifth Amendment fails.  To state such a claim, a plaintiff must first identify a protected liberty or property interest and then show that the government deprived him of that interest without due process.  *See Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017).  Plaintiff appears to claim that "[t]he right to fundamental fairness in administrative adjudication" is a protected liberty or property interest.  *See* Doc. 1 at ¶ 23.  Courts have rejected similar claims brought by other plaintiffs, however.  *See Siddhantam v. Sessions*, No. 3:17-CV-2001-S, 2018 WL 4053366, at *5 (N.D. Tex. Aug. 24, 2018) (dismissing the plaintiff's allegation that "he

---

[3] The complaint also mentions 28 U.S.C. § 1361, *see* Doc. 1 at ¶ 13, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  But a court may grant the "drastic and extraordinary" remedy of mandamus only when a plaintiff shows that no other adequate means of relief exists and the right to the writ is "clear and indisputable," and the court is "satisfied that the writ is appropriate under the circumstances."  *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380–81 (2004).  "The failure to demonstrate the existence of any of these three elements deprives the Court of jurisdiction and the power to grant mandamus relief."  *Mehalingam*, No. 3:20-cv-03651-M, at 7.  Here, Plaintiff has other remedies available, including bringing suit under the APA at an appropriate time.  *See Chuttani*, 2020 WL 7225995, at *5 ("Because the Court is convinced issuance of the writ would be inappropriate prior to a well-timed Administrative Procedure Act challenge, the Court finds mandamus is not an appropriate remedy under the circumstances."); *Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 818 n.3 (N.D. Tex. 2007) (explaining that the Court "confines its analysis to [the plaintiff's] request for relief under the APA" because "[g]iven the APA's authorization of courts to compel agency action unreasonably delayed, the request for mandamus relief seems largely duplicative").  Moreover, because Plaintiff has failed to allege sufficiently that Defendants have failed to act by not adjudicating Plaintiff's application within a reasonable time, a right to mandamus relief is neither "clear and indisputable" nor "appropriate under the circumstances."  *See Mehalingam*, No. 3:20-cv-03651-M, at 7 (finding that the Court lacked jurisdiction under the Mandamus Act for the same reasons it lacked jurisdiction under the APA).  As with the APA claim, the Court lacks jurisdiction under the Mandamus Act.

has a valid due process claim predicated on his 'protected property interest in the adjudication of I-130 petitions listing him as a beneficiary'"); *Bemba v. Holder*, 930 F. Supp. 2d 1022, 1029 (E.D. Mo. 2013) (dismissing the plaintiff's Fifth Amendment due process claim based on the government's delayed adjudication of a Form I-485 application, because there is no constitutionally protected liberty interest in adjustment of status). "[I]llegal aliens do not possess a constitutionally protected right to adjustment of status . . . [n]or does the failure to receive discretionary relief amount to a constitutionally protected deprivation of a property or liberty interest." *Aguilera v. Holder*, 354 F. App'x 882, 884 (5th Cir. 2009) (per curiam). Plaintiff's constitutional claim cannot prevail.

## IV.   Conclusion

For the foregoing reasons, the Court should dismiss Plaintiff's claims against Defendants and grant Defendants all other relief to which they are entitled.

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney
Texas Bar No. 24075989
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8737
Facsimile:   214-659-8807
lisa.hasday@usdoj.gov

Attorneys for Defendants

Certificate of Service

On January 18, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Lisa R. Hasday
Lisa R. Hasday
Assistant United States Attorney