# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ANDRII VASYLCHENKO | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2815-S |
| | § | |
| UNITED STATES CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES, et al. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support ("Motion") [ECF No. 7]. The Court has considered the Complaint in the Nature of Mandamus Arising from Defendants' Refusal to Adjudicate Plaintiff's Application to Adjust Status ("Complaint") [ECF No. 1], the Motion and accompanying exhibit [ECF No. 8], Plaintiff's Opposition to Defendants' Motion to Dismiss ("Response") [ECF No. 12], Defendants' Reply Brief in Support of Their Motion to Dismiss [ECF No. 14], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

Plaintiff Andrii Vasylchenko is a citizen of Ukraine who was granted asylum by the United States on or about May 20, 2019. *See* Compl. ¶¶ 1-2. On June 18, 2020, he filed an application for adjustment of status to lawful permanent resident ("I-485 Application") with the United States Citizenship and Immigration Services ("USCIS"). *See id.* ¶¶ 3, 6. According to Plaintiff, USCIS completed the fingerprinting and photographing phase of the application review process but has not taken any action since. *See id.* ¶ 4-5. As a result, on November 12, 2021, Plaintiff filed a Complaint against Defendants USCIS; Ur Mendoza Jaddou, the Director of USCIS; and Kirt Thompson, the Director of the Texas Service Center of USCIS (collectively, "Defendants"), seeking to compel Defendants to adjudicate his I-485 Application. *See generally id.*

In his Complaint, Plaintiff asserts two claims against Defendants. First, Plaintiff claims that Defendants' failure to adjudicate his I-485 Application within a reasonable time violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq. Id.* ¶¶ 15-21. Second, Plaintiff claims that the "combined delay and failure to act" by Defendants violates his Fifth Amendment due process rights. *Id.* ¶¶ 22-25. Defendants now move to dismiss the first claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and the second claim for failure to state a claim under Rule 12(b)(6).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Louisiana Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis Cty., Tex.*, 910 F.3d 809, 911 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A motion to dismiss under Rule 12(b)(1) is a vehicle through which a party can challenge a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The district court may dismiss for lack of subject matter jurisdiction based on the complaint alone if it is facially apparent that the court lacks subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 53 F.3d 720, 722 (5th Cir. 1995)); *Peterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). All factual allegations in the complaint must be accepted as true. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002). "If the court determines at any

2

time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

### B. Rule 12(b)(6)

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The ultimate question is whether the complaint states a valid claim when viewed

in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III. ANALYSIS

#### A. Administrative Procedure Act Claim

Plaintiff asserts that this Court has jurisdiction to hear his APA claim under both the Mandamus Act, 28 U.S.C. § 1361, and the APA. Resp. 6. But contrary to Plaintiff's contention, neither statute confers jurisdiction upon the Court to adjudicate this claim.

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. It is well established, however, that "mandamus is not available to review the discretionary acts of officials." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992); *see also Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 122 (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'"). Similarly, while the APA grants "[a] person suffering legal wrong because of agency action[1] . . . judicial review thereof," 5 U.S.C. § 702, judicial review under the APA is not available for "agency action that is committed to agency discretion by law" or if "statutes preclude judicial review." *Id.* § 701(a)(1)-(2).

The adjustment of status of persons seeking admission to the United States is governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, which expressly provides that "[t]he status of an alien who was admitted or paroled into the United States . . . *may be*

---

[1] The APA defines "agency action" to include "failure to act." 5 U.S.C. § 551(13).

4

*adjusted* by the Attorney General, *in his discretion*, and under such regulations as he may prescribe . . . ." 8 U.S.C. § 1255(a) (emphases added).[2] Thus, the adjudication of Plaintiff's I-485 Application is a discretionary matter that is not reviewable by this Court under the APA or Mandamus Act. Courts in this Circuit have reached the same conclusion. *See, e.g., Li v. Heinauer*, No. 4:07cv31, 2008 WL 648538 (E.D. Tex. Mar. 7, 2008); *Yang v. Chertoff*, No. H:07-789, 2008 WL 151063 (S.D. Tex. Jan. 11, 2008); *Sozanski v. Chertoff*, No. 3:06-CV-0993-N, 2006 WL 4516968 (N.D. Tex. Dec. 11, 2006).

Further, the INA strips courts of jurisdiction over individual immigration decisions or actions by the executive branch. The provision of the INA states that "no court shall have jurisdiction to review" any judgment regarding adjustment of status or "*any other decision or action* of the Attorney General or the Secretary of Homeland Security for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B) (emphases added); *see also id.* (stating that the jurisdiction-stripping provision applies notwithstanding any other provision of law). The Fifth Circuit has read this provision to apply to both the ultimate decision to grant or deny an I-485 Application as well as the pace of adjudication. *See Bian v. Clinton*, 605 F.3d 249, 254 (5th Cir. 2010), *vacated on mootness grounds*, Nos. 09-10568 & 09-10742, 2010 WL 3633770 (5th Cir. Sept. 16, 2010) (observing that "[i]f Congress had intended for only the USCIS's ultimate decision to grant or deny an application to be discretionary—as distinguished from its interim decisions made during the adjudicative process—then the word 'action' would be superfluous").[3]

---

[2] The Attorney General's authority has since been transferred to the Secretary of Homeland Security and the USCIS. *See* 6 U.S.C. § 271(b)(5).

[3] Although the Fifth Circuit vacated that appeal and opinion due to mootness, its logic remains sound and persuasive. *See, e.g., Chutanni v. U.S. Citizenship & Immigr. Servs., et al.*, No. 3:19-CV-02955-X, 2020 WL 7225995, at *3 n.22 ("[T]he Court holds that [*Bian*] is still binding precedent. At the very least, it is highly persuasive.").

Accordingly, the Court **DISMISSES** Plaintiff's APA claim for lack of subject matter jurisdiction.

### B. Due Process Claim

Unlike the APA claim, the Court has subject matter jurisdiction over Plaintiff's Fifth Amendment due process claim because it involves a question arising under the United States Constitution. *See* 28 U.S.C. § 1331. The Court must therefore determine whether Plaintiff has stated a cognizable due process claim to survive dismissal under Rule 12(b)(6). To state a valid due process claim, "a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

Plaintiff alleges that Defendants' delay and failure to act has violated his protected liberty interest to fundamental fairness in administrative adjudication. *See* Compl. ¶¶ 23-24. The Court disagrees. The Fifth Circuit has held that adjustment of status and interests related to these proceedings are not protected liberty interests that can support a due process claim. *See Nyika v. Holder*, 571 F. App'x. 351, 352 (5th Cir. 2014) ("Because [plaintiff] had no liberty interest in adjustment of status, there can be no due process violation."); *Ohiri v. Gonzalez*, 233 F. App'x. 354, 356 (5th Cir. 2007) (holding that there was no liberty interest in right to effective assistance of counsel because there is no liberty interest in adjustment of status); *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 228 (5th Cir. 2017) ("[F]ailure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." (quoting *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004)). The Court therefore **DISMISSES** Plaintiff's due process claim for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss and Brief in Support ("Motion") [ECF No. 7].

**SO ORDERED.**

SIGNED July 25, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**